

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 26, 1948

Hon. George L. Murphy
County Auditor
Johnson County
Cleburne, Texas

Opinion No. V-510

Re: Authority of Commis-
sioners' Court to
transfer money from
the General Fund for
the operation and
maintenance of a coun-
ty hospital.

Dear Mr. Murphy:

Your request for an opinion of this Depart-
ment is substantially as follows:

"On the 9th day of July 1946, Johnson
County voted to issue bonds for the purpose
of providing funds for purchasing a site,
and establishing and constructing and equip-
ing a County Hospital; and to levy a tax for
the purpose of paying the interest on said
bonds, and to create a 'sinking fund' for
the redemption thereof at maturity.

"No tax levy for maintenance was in-
cluded in the foregoing proposition and
this question was not passed on by the
voters, and as a result no funds were pro-
vided for operating and maintaining the
Hospital.

"On the 23rd day of August 1947, a ma-
jority who participated in the election,
voted to re-allocate the Constitutional Funds
of the County-raising or increasing the tax
for the General Fund from 25 cents to 30
cents on the $100.00 valuation for county
purposes.

"And on January 13, 1948, the Commis-
sioners' Court adopted an order authorizing
an appropriation in the amount of $10,000.00
out of the General Fund to the Board of Mana-

gers of the Johnson County Hospital to
be used for the operation or maintenance
of said Hospital.

"Since the Court has issued the order
directing the transfer, the Board of Mana-
gers may call upon me at any time now re-
questing that a County Warrant for $10,000.-
00 be written and delivered to them, and
shall appreciate it very much if you will
advise me at once if funds may be legally
transferred from the General Fund to the
Board of Managers for the operation and
maintenance of the Johnson County Hospital."

Article 4478, V. C. S., provides as follows:

"The commissioners court of any county
shall have power to establish a county hospi-
tal and to enlarge any existing hospitals
for the care and illness, disease or injury,
subject to the provisions of this chapter.
At intervals of not less than twelve months,
ten per cent of the qualified property tax
paying voters of a county may petition such
court to provide for the establishing or
enlarging of a county hospital, in which
event said court within the time designat-
ed in such petition shall submit to such
voters at a special or regular election the
proposition of issuing bonds in such aggre-
gate amount as may be designated in said
petition for the establishing or enlarging
of such hospital. Whenever any such proposi-
tion shall receive a majority of the votes
of the qualified property tax payers voting
at such election, said commissioners court
shall establish and maintain such hospital
and shall have the following powers:

"1. To purchase and lease real property
therefor, or acquire such real property, and
easements, therein, by condemnation proceed-
ings.

"2. To purchase or erect all necessary
buildings, make all necessary improvements
and repairs and alter any existing buildings,

for the use of said hospital. The plans for such erection alteration, or repair shall first be approved by the State Health Officer, if his approval is requested by the said commissioners court.

"3. To cause to be assessed, levied and collected, such taxes upon the real and personal property owned in the county as it shall deem necessary to provide the funds for the maintenance thereof, and for all other necessary expenditures therefor.

"4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith; to do all other things that may be required by law in order to render said bonds valid.

"5. To appoint a board of managers for said hospital.

"6. To accept and hold in trust for the county, any grant or devise of land, or any gift or bequest of money or other personal property or any donation to be applied, principal or income or both, for the benefit of said hospital, and apply the same in accordance with the terms of the gift."

In the case of Seydler v. Border, 115 S. W. (2d) 702, Article 4478 was held to be constitutional; and, as a necessary part of the right and power to establish a hospital, the right to levy taxes for the maintenance thereof was authorized.

Article 4479, V. C. S., requires the Commissioners' Court, after it shall have acquired a site for such hospital and shall have awarded contracts for the necessary buildings and improvements thereon, to appoint six resident property tax paying citizens of the county who shall constitute a Board of Managers of the hospital.

Article 4480, V. C. S., prescribes the powers of the Board of Managers and provides for the appointment of a Superintendent for such hospital. Certain

Hon. George L. Murphy, page 4 (V-510)

duties of the Board are enumerated in Article 4484, V. C. S., which reads in part, as follows:

". . .The board shall certify all bills and accounts, including salaries and wages and transmit them to the Commissioners Court, who shall provide for their payment in the same manner as other charges against the county are paid.

"The board of managers shall make to the commissioners court annually, and at such times as said court shall direct, a detailed report of the operation of the hospital dispensaries and school during the year, showing the number of patients received and the method and results of their treatment, together with suitable recommendations and such other matters as may be required of them, and shall furnish full and detailed estimates of the appropriations required during the ensuing year for all purposes, including maintenance, the erection of buildings, repairs, renewals, extensions, improvements, betterments or other necessary purposes. Id."

Article 4485, V. C. S., provides in part:

"The superintendent shall be the chief executive officer of the hospital, but shall at all times be subject to the by-laws, rules and regulations thereof, and to the powers of the board of managers.

"He shall, with the consent of the board of managers, equip the hospital with all the necessary furniture, appliances, fixtures and all other needed facilities for the care and treatment of patients, and for the use of officers and employees thereof, and shall purchase all necessary supplies, not exceeding the amount provided for such purposes by the commissioners court."

This Department in Opinion No. O-6433, dated July 24, 1945, held as follows:

"With reference to your inquiry as
to the levy of taxes fof the maintenance
of the hospital, we point out that under
the provisions of Art. 4478, a county com-
missioners' court is authorized to estab-
lish a hospital, and in connection with
said authority, the commissioners' court
is empowered, under subdivision 3, Art.
4478, to levy taxes for the maintenance
of same. Also we point out that all ex-
penditures for said hospital should be
made in conformity with the county budget
and authorized amendments thereto, and all
accounts should be allowed by the commis-
sioners' court in the same manner that
other accounts against the county are al-
lowed."

Inasmuch as the Commissioners' Court authoriz-
ed an appropriation in an amount of $10,000.00 for the
Johnson County Hospital, it is assumed that the same was
provided for in the county budget.

It will be seen from the foregoing statutes
that authority is vested in the Board of Managers and
the Superintendent of the hospital to incur necessary
expenditures for the operation and maintenance of a hos-
pital in a sum "not exceeding the amount provided for
such purposes by the Commissioners' Court." The County
Treasurer could not issue warrants in payment thereof
until the Commissioners' Court has approved the same for
payment in the same manner as other charges against the
county are paid. Although the management of a county
hospital is vested in the Board of Managers, the Commis-
sioners' Court must approve all accounts.

The money allocated by the Commissioners'
Court, pursuant to the statute for support and mainte-
nance of the hospital, cannot be transferred to the
Board of Managers, as it remains in the custody of the
County Treasurer to be paid out on order of the Commis-
sioners' Court must approve all accounts.

The money allocated by the Commissioners'
Court, pursuant to the statute for support and mainte-
nance of the hospital, cannot be transferred to the
Board of Managers, as it remains in the custody of the
County Treasurer to be paid out on orders of the Com-
missioners' Court. Therefore, it is the opinion of this

department that the cost of operation and maintenance of the county hospital would be payable from the General Fund of Johnson County, but the Commissioners' Court would not be authorized to transfer funds directly to the Board of Managers.

## SUMMARY

The General Fund of Johnson County may be utilized in the operation and maintenance of the county hospital, but funds may not be transferred directly to the Board of Managers of said hospital, inasmuch as the Commissioners' Court must approve all claims for payment in the same manner as other charges against the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    Burnell Waldrep
Assistant

BW;wb;mw/PAM

APPROVED:

FAGAN DISKSON
FIRST ASSISTANT
ATTORNEY GENERAL